I,CALOGERO, Chief Justice,
additionally concurring.
The court of appeal denied plaintiffs writ application on April 13, 2000, making the last day for timely filing Monday, May 15, 2000. Plaintiffs application to this court was filed by hand on Friday, May 19, 2000, thirty-four days after the court of appeal’s writ denial. Therefore, the application is untimely on its face under Supreme Court Rule X, § 5(a).
The application contains a “Notice of Intent to Apply for Supervisory Writs” filed by plaintiff in the district court, seeking to apply for supervisory writs in this court. Attached to that pleading is an order drafted by plaintiff and signed by the district court, which states:
IT IS ORDERED that plaintiff, Billie Jo Vaughan [sic], be and hereby is directed to file her application for supervisory writs in the Supreme Court for the State of Louisiana, not later than May 19, 2000.
Plaintiffs application was filed within the delay set by the district court.
Supreme Court Rule X, § 5(b) does provide that the district court “shall fix a reasonable time within which the application shall be filed in this court.” However, that rule is applicable only in cases where the court of appeal lacks supervisory jurisdiction over the matter, or where the party files directly in this court, bypassing the court of appeal. Clearly, neither of those instances apply in this case, where 12plaintiff sought and was denied relief in the court of appeal. Therefore, the provision that allows the district court to set a reasonable delay is inapplicable in this case.
While plaintiff may have acted in good, faith in seeking a reasonable delay from the district court, Supreme Court Rule X, § 5(a) clearly provides that the thirty-day period may not be extended'. As a result, the district court had no authority .to extend the delay for filing the writ application outside of the thirty-day period.